IN RE DISQUALIFICATION OF HUNTER.

KREIMES *v.* SCHMIDT.

[Cite as *In re Disqualification of Hunter* (1996), 77 Ohio St.3d 1242.]

(No. 96–AP–036—Decided March 29, 1996.)

MOYER, C.J.   This affidavit of disqualification was filed by Lana Schmidt seeking the disqualification of Judge John G. Hunter, sitting by assignment in Erie County, from further proceedings in the above-captioned case.

Affiant claims that although Judge Ramsey has recused himself from the underlying case, Judge Ramsey will continue to influence the proceedings. In support of this claim, she contends that Judge Hunter was selected by Judge Ramsey.

Pursuant to the Ohio Constitution, the authority to assign judges to duty in other courts and counties rests with the Chief Justice of the Supreme Court. While Judge Ramsey may have contacted the Supreme Court regarding the need for a visiting judge to preside over this case following his recusal and may have suggested that Judge Hunter be assigned since he would be in Erie County for another matter on the day in which this case was scheduled for hearing, the final authority to assign Judge Hunter to serve in Erie County rests with the Chief Justice. Affiant's assertion that Judge Ramsey, following his recusal, "appointed" Judge Hunter is erroneous.

Affiant's claims relate exclusively to Judge Ramsey's earlier participation in this case; that participation ended with Judge Ramsey's recusal and notification to the Supreme Court of the need for an assigned judge. Affiant fails to demonstrate the existence of bias, prejudice, or other interest that mandates the disqualification of Judge Hunter, and I cannot conclude that Judge Hunter will fail to exercise his independent judgment in the consideration of this case. Affiant requests the appointment of "an experienced Domestic Relations visiting judge from another county" to hear this case. Judge Hunter satisfies this definition.

For the foregoing reasons, the affidavit of disqualification is found not well taken and is denied.